IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:05-cV-02075 (HHK) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that plaintiff failed to properly serve the United States and the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: March 3, 2006.   Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:05-cV-02075 (HHK) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

QUESTIONS PRESENTED

Plaintiff attempted to served the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiff's complaint seeks a refund of federal taxes, an injunction against further tax collection, and damages for alleged "wrongful collection" of federal taxes from plaintiff. The complaint fails to allege that plaintiff has filed claim(s) for refund of taxes or claim(s) for damages from "wrongful collection" of taxes. Plaintiff has failed to alleged that he has fully paid the taxes he seeks to have refunded. Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages, and for

injunctive relief against federal tax collection under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, James O'Connor, filed this complaint on October 21, 2005.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 2000", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)<u>1</u>/  On February 27, 2006, plaintiff James O'Connor filed returns of service showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER ## 2, 3.)

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief.<u>2</u>/  First, plaintiff seeks damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 32.)  Second, he requests a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds."  (Compl. ¶ 33.)  Last, plaintiff seeks an injunction against "the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected."  (Compl. ¶ 34.)

---

<u>1</u>/  Plaintiff's case is one of more than 50 known cases filed in this Court with identical or nearly identical complaints

<u>2</u>/  Plaintiff also may be seeking declaratory relief.  (*See* Compl. ¶ 31.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant

challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff James O'Connor signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. James O'Connor is, of course, a party to this action, and thus cannot properly serve the summons. Further, plaintiff has not alleged that he served a copy of the complaint on the Internal Revenue Service. Accordingly, plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

A. *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claim*

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff makes a conclusory statement that he "exhausted all administrative remedies ... by properly petitioning ... for refunds." (Compl ¶ 29.) Plaintiff failed to identify whether he filed a claim for refund as described in 26 C.F.R. § 301.6402-2. Plaintiff also failed to allege that he fully paid the federal taxes for which he seeks a refund. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*,

494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g.*, *Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected *** until a claim for refund or credit has been duly filed ***." 26 U.S.C. § 7422(a). Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction over his tax refund claim. *Dalm*, 494 U.S. at 601-02.

Likewise, plaintiff has not alleged that he fully paid his tax liabilities. On the contrary, he seeks an injunction to prevent the Internal Revenue Service from collecting the taxes due. (*See* Compl. ¶¶ 30, 34.) This request, in itself, implies that plaintiff has not fully paid the taxes he seeks to recover—an implication fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claims for a refund of federal taxes.3/

---

3/ Plaintiff has also selected an improper venue for a refund suit. Plaintiff resides in Dallas, Texas. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial

B.  *Plaintiff's Request for Injunctive Relief Is Barred by the Anti-injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 34.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim. *See* 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.

---

district in which the plaintiff resides. *See* 28 U.S.C. § 1402(a)(1); *Saraco v. United States*, 61 F.3d 863 (3d Cir. 1995).

*Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning with 'tax year' 2000" (Compl. ¶ 1), but does not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief. Primarily, he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.4/

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn*, 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he requests—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiff's complaint fails the second prong of the *Enochs* test as well.

---

4/ As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

        C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, he simply states, in conclusory fashion, that he "has/have exhausted all administrative remedies ***." (Compl. ¶ 6.) Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has

-8-

not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

DATE: March 3, 2006.

Respectfully submitted,

 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se* on the 3th day of March, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>JAMES O'CONNOR
>Plaintiff *pro se*
>7206 Duffield Drive
>Dallas, Texas 75248.

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1575292.11