IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

James O'Connor,                )    Case No: 1:05-cv-02075 (HHK)
)
        Plaintiff,         )
v.                                   )
)
UNITED STATES (Government),  )
)
        Defendant.       )
)

## PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff hereby files this sur-reply to respond to certain omissions and misrepresentations by counsel in defendant's reply in support of motion to dismiss; a motion in the nature of a Motion for Summary Judgment:

1.     Plaintiff had previously responded to the issues raised by counsel in defendant's motion. Plaintiff did not, as counsel "presumes", agree to abandon a refund claim. As a matter of fact, I had made no "refund" claim, and defendant raised an issue outside the pleadings.

2.     Fed. R. Civ. P. 56(c) states, in pertinent part,

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any*, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in

character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added)

3. In respect of the affidavits required for judgment, Fed. R. Civ. P. 56(e) states, in pertinent part,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

4. The Court is requested to take judicial notice that the sole Affidavit in the record is the Affidavit of James O'Connor; the Plaintiff.

5. The Court is requested to take judicial notice that the defendant has submitted no "Sworn or certified copies" of any assessment certificate, the lack of which is a threshold fact alleged in my Complaint.

6. Based upon the evidence, the motion to dismiss, treated as a motion for summary judgment, must favor me.

Regardless of counsel's assertions regarding whether the alleged acts are actionable under 7433, counsel's regurgitated assertions with respect to exhaustion of remedies is defeated by recent decisions of the Court:

**EXHAUSTION OF REMEDY A FACT FOR THE JURY**

4. In Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006), the Court cited Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), a recent Supreme

Court case, finding that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner, slip op., 7. In reaching that finding, the Turner Court identified the issue of exhaustion of remedy as a threshold fact, noting that

> "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim; if the fact is jurisdictional, the trial judge may be authorized to resolve the factual dispute, but disputes regarding predicate facts for the claim generally are tried to a jury."

Turner, slip op., 6, citing Arbaugh v. Y & H Corp., 126 S.Ct. 1235, at 1244.

The Arbaugh Court states the issue more clearly:

"If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ."

5.      Based upon the Turner Court's finding, and the Supreme Court case upon which that finding was based, the threshold/predicate facts regarding exhaustion of administrative remedies – described as an essential element – and any asserted "failure" to exhaust, are to be left to a jury. Necessarily, the applicability of any exception to an exhaustion requirement is for the jury as well.

6.      Whether IRS "has articulated a clear position that it has demonstrated it is unwilling to reconsider" Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C.

Cir. 1982); or, is biased, See: McCarthy v. Madigan, 503 U.S. 140, 146, also cited in Turner, slip op., p. 3, are threshold/predicate facts that should be left to a jury.

The McCarthy Court opined, at 148-9:

"This Court's precedents have recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion*****Third, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968) (in view of Attorney General's submission that the challenged rules of the prison were "validly and correctly applied to petitioner," requiring administrative review through a process culminating with the Attorney General "would be to demand a futile act"); Association of National Advertisers, Inc. v. FTC, 201 U.S. App.D.C. 165, 170-171, 627 F.2d 1151, 1156-1157 (1979) (bias of Federal Trade Commission chairman), cert. denied, 447 U.S. 921 (1980). See also Patsy v. Florida International University, 634 F.2d 900, 912-913 (CA5 1981) (en banc) (administrative procedures must "not be used to harass or otherwise discourage those with legitimate claims"), rev'd on other grounds, Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982)."

7. Whether the facts, related in the Verified Complaint, and as developed through discovery and trial, establish any bias on the part of IRS is for the jury to decide.

8. The McCarthy Court further stated, "where Congress has not clearly required exhaustion, sound judicial discretion governs." 503 U.S. at 144. Arbaugh elaborated, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

9. The Court has already found the statutory limitation nonjurisdictional. Turner, slip op., 7, following Arbaugh. All that is left is for the Court to recognize Arbaugh's example, "the jury is the proper trier of contested facts. Reeves v. Sanderson Plumbing Products, Inc., 530 U. S. 133 ," and let the jury decide.

Based upon the foregoing, Plaintiff respectfully asserts that the Court should deny the motion to dismiss, and, set a scheduling conference for jury trial.

Respectfully Submitted

Dated June 8, 2006

_____
James O'Connor

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Jennifer Vozne
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated June 8, 2006

_____
James O'Connor