# United States District Court
IN THE DISTRICT OF COLUMBIA

James O'Connor  
7206 Duffield Drive  
Dallas, Texas

Case No. 1:05-cv-02075 (HHK)

CROSS MOTION FOR SUMMARY JUDGMENT

    Plaintiff(s),

v.

United States

    Defendant.

  Plaintiff hereby enters this Cross Motion for Summary Judgment. This Cross Motion is supported by the following::

FACTS IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT

1. Defendant has moved to dismiss the above-captioned action under Fed.R.Civ.P. 12(b), generally, citing insufficiency of service, and for lack of subject matter jurisdiction.

2. Defendant's motion is made with full knowledge that the Court has found that the basis upon which such "12(b)" motion rests fails to support a "12(b)(1)" motion; and is nonjurisdictional.

3. Defendant's motion is made with full knowledge that the Court has construed such baseless general motion as a motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

4. Defendant's motion is made with full knowledge that

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

RECEIVED  
JUL 17 2007  
NANCY MAYER-WHITTINGTON, CLERK  
U.S. DISTRICT COURT

Jenkins v. McKeithen, 395 U.S. 411, at 421-22.

5.  Defendant's motion is made with full knowledge that the Court has treated such general "12(b)" motion, construed as a motion under Fed.R.Civ.P. 12(b)(6), as a motion for summary judgment, in accordance with the rule.

6.  Defendant's motion is made with full knowledge that a motion for summary judgment is decided upon "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," under Fed.R.Civ.P. 56(c).

7.  Defendant's motion for summary judgment is knowingly made without benefit of "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," sufficient to overcome Plaintiff's Verified Complaint See: *Neal v. Kelley*, 963 F.2d 453 (D.C. Cir. 1992), or Plaintiff's Affidavit.

Based upon defendant's blanket admission of all material allegations in Plaintiff's Complaint; and upon defendant's "mere allegations or denials" of Plaintiff's Complaint; and upon defendant's failure to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," Plaintiff is the sole party entitled to summary judgment.

Respectfully,

Dated: July 13, 2006

_____
James O'Connor

## Acknowledgement

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared James O'Connor, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

_Jennifer K. Lewis_
Notary, State of Texas

JENNIFER K. LEWIS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 12-06-07

## Certificate of Service

I certify that I have served a copy of the foregoing on:

Jennifer Vozne
U.S. Department of Justice
P.O. Box 277
Washington, D.C. 20044

Dated: July 13, 2006

_James O'Connor_
James O'Connor