IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:05-cv-02075 (HHK) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

This is a civil action in which plaintiff alleges that, beginning with tax year 2000, the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against him.1/

STATEMENT

The United States moved to dismiss, under Fed. R. Civ. P. 12(b), asserting that the Court lacks subject matter jurisdiction as plaintiff failed to establish that he exhausted his administrative remedies as required by 26 U.S.C. §§ 7422 and 7433 and that the Court lacks personal jurisdiction as plaintiff failed to effect proper service. The United States also asserted that plaintiff's request for injunctive relief is barred by the Anti-Injunction Act. Plaintiff filed an opposition asserting (1) parties may effect service

---

1/ In his opposition the United States' motion to dismiss, plaintiff appears to abandon his request for a refund. (Pl. Opp. to Mot. to Dismiss at 3 ("As to counsel's other occult bases for dismissal, including counsel's attempt to dismiss a refund suit neither intended, nor filed, all are addressed below.").)

under Fed. R. Civ. P. 4(i)(1)(A), (2) he need not exhaust his administrative remedies as the regulation is invalid, and (3) he met an exception to the requirement to exhaust administrative remedies.

Plaintiff then filed the present cross-motion for summary judgment asserting that he is entitled to judgment since the United States admitted all material allegations in the complaint. (Pl. Cross-Motion for Summary Judgment.)2/ Plaintiff is incorrect. The United States moved to dismiss for lack of personal and subject matter jurisdiction; it has not admitted all material allegations in the complaint.

Plaintiff also asserts that, in substantially similar cases, the Court has construed the United States' motion to dismiss for lack of subject matter jurisdiction as a motion for failure to state a claim and then treated the motion for failure to state a claim as a motion for summary judgment (Pl. Cross-Motion for Summary Judgment ¶ 5.) Again, plaintiff is incorrect. While there have been some decisions in substantially similar cases dismissing the cases under Fed. R. Civ. P. 12(b)(6), the Court has never converted the motions to dismiss to motions for summary judgment.3/

---

2/ Plaintiff failed to file a statement of material facts as to which he contends there is no genuine issue, as required by Local Rule 56.1. Consequently, the United States is not able to file a statement of genuine issues.

3/ The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. The United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the

CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court deny plaintiff's cross-motion for summary judgment and grant the United States' motion to dismiss the case.

DATE: July 26, 2006.              Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

---

benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit."  Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT and proposed ORDER was caused to be served upon plaintiff *pro se* on the 26th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>JAMES O'CONNOR
>Plaintiff *pro se*
>7206 Duffield Drive
>Dallas, Texas 75248.

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1825062.11