UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES O'CONNOR,<br><br>            Plaintiff,<br><br>            v.<br><br>UNITED STATES,<br><br>            Defendant. | Civil Action 05-02075 (HHK) |

MEMORANDUM OPINION

James O'Connor, proceeding *pro se*, brings this action against the United States, alleging numerous violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes beginning with "tax year" 2000. O'Connor seeks an award of damages for the IRS's alleged wrongful collection of federal taxes, a refund of all "unassessed taxes" and "seized property," and injunctive relief against the IRS from engaging in any further collection activity until all of his claims are resolved.

Before the court is the United States' motion to dismiss [#5] and O'Connor's cross-motion for summary judgment [#12]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that the United States' motion should be granted and O'Connor's motion should be denied.

I.

O'Connor, a resident of Texas, alleges that in connection with the assessment and collection of federal tax monies from "tax year" 2000 to the present, the IRS "recklessly,

intentionally or by reason of negligence disregarded and continue to disregard" numerous provisions of Title 26 of the Internal Revenue Code, 26 U.S.C. § 6201 *et seq.*, and its corresponding IRS regulations. Compl. ¶¶ 1,7.[1]  **A.    United States' Motion to Dismiss**

The United States contends that this action should be dismissed because O'Connor has failed to exhaust his administrative remedies.[2] Specifically, the United States contends that O'Connor failed to allege that he properly filed a claim for a refund, as required by the applicable regulations, and that he failed to allege that he fully paid the federal taxes for which he seeks a refund, as required by statute.

The TBOR provides a taxpayer with a cause of action for damages against the United States if in connection with any collection of Federal tax with respect to a taxpayer, any officer or

---

[1] This action is one of more than seventy cases in which dozens of individuals across the nation have filed *pro se* complaints in this court invoking the damages provision of the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433, as the primary basis for relief. *See Maki v. United States*, 2006 WL 3791377, at *1 (D.D.C. 2006). O'Connor's claim is virtually identical to many of those filed and dismissed for a variety of reasons. *See, e.g., Turner v. United States*, 2006 WL 1071852 (D.D.C. Apr. 24, 2006) (dismissing for failure to state a claim); *Masterson v. United States*, 2006 WL 1102802 (D.D.C. Apr. 26, 2006) (same); *Evans v. United States*, 2006 WL 1174481 (D.D.C. May 4, 2006) (same); *Cooper v. United States*, 2005 WL 3707403 (D.D.C. Dec. 8, 2005) (dismissing for improper venue). The majority of these cases have been dismissed because the court concluded that it lacked subject matter jurisdiction as a result of the plaintiffs' failure to exhaust their administrative remedies.

[2] The United States moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. The court concludes, however, that the exhaustion requirement of 26 U.S.C. § 7433(d)(1), is nonjurisdictional. *See Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) (construing § 7433's exhaustion provision as non-jurisdictional and holding that the failure to exhaust administrative remedies constituted a defect in plaintiff's claims). Thus, the court concludes the more appropriate standard is provided by Fed. R. Civ. P. 12(b)(6). *See Ting v. United States*, 2006 WL 1774516, at*4 (D.D.C. 2006). Under Rule 12(b)(6), a complaint may be dismissed where the plaintiff has failed to allege facts which would entitle her to relief. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A court's resolution of a Rule 12(b)(6) motion represents a ruling on the merits with res judicata effect. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title. 26 U.S.C. § 7433(a). Under § 7433(d), however, damages may not be awarded "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d).[3]

The IRS regulations promulgated to implement § 7433(d) specifically require that a claim for administrative remedies include:

> (I) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

---

[3] Section 7422 also provides that

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Section 7421 of Title 26, also known as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" except for actions under specific statutory provisions enumerated therein, which are not relevant here.

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);

(v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e).  Additionally, a taxpayer must show that he has fully paid his assessed taxes prior to filing a suit for a refund.  *Flora v. United States*, 362 U.S. 145, 177 (1960) (holding that "full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court").

O'Connor does not dispute that he did not follow the prescribed procedures.  Instead, he recites that "[p]ursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes from affiant."  Compl., Ex. 1 (Aff. of James O'Connor).  He also asserts that he "repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer."  *Id.* ¶ 12.  Such correspondence, however, is not sufficient to satisfy the statute's exhaustion provision.  *See Evans v. United States*, 2006 WL 1174481, at n.1 (D.D.C. May 4, 2006) (finding that "requesting information or a refund from the IRS is not a substitute for submitting a damages claim pursuant to § 301.7433-1(e)").

O'Connor's assertions and arguments in support of his effort to evade exhaustion requirements are without merit.  His contention that pursuit of any administrative remedies would "amount to nothing more than futile reexhaustion," Compl. ¶ 24, is not supported by any facts alleged in the complaint and thus cannot be sustained.  *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006) (rejecting a claim of futility where no facts in complaint supported the plaintiff's assertion); *Glass v. United States*, 424 F. Supp. 2d 224, 229 (D.D.C. 2006) ("The

mere 'probability of administrative denial' is insufficient to waive exhaustion.") (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986)).

Likewise unavailing is O'Connor's contention that § 301.7433-1 of the IRS regulations is "an unreasonable interpretation of the current statutory provision." *See* Pl.'s Opp'n at 3. The regulations issued by an agency interpreting and applying a statute are entitled to deference as long as the regulations implement the statute in a reasonable manner. *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 476 U.S. 837, 843-45 (1984). Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Code. 26 U.S.C. § 7805(a). With respect to § 301.7433-1, this court finds that the "[t]he simple procedure established by the IRS is undoubtedly a reasonable one." *Evans*, 2006 WL 1174481, at *4. Specifically, the regulations provide clarification on the statutory "requirement that administrative remedies be exhausted," 26 U.S.C. § 7433(d)(1), by setting up an uncomplicated procedure by which taxpayers seeking damages under the statute can bring an administrative claim. *See* 26 C.F.R. § 301.7433-1. Furthermore, the court agrees with the IRS that the six-month period taxpayers are required to wait after filing an administrative claim and before bringing an action in federal court is reasonable because it allows the IRS time to explore and hopefully resolve the claim without the need for litigation. Thus, the court finds that the regulations implementing § 7433's exhaustion provision are a reasonable and valid exercise of the IRS's authority under the Internal Revenue Code.

Accordingly, O'Connor's complaint must be dismissed for failure to state a claim as he has not properly alleged exhaustion of his administrative remedies.

**B.**     **O'Connor's Motion for Summary Judgment**

A motion for summary judgment should on be granted where the pleadings and the record show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  In that O'Connor cannot survive a motion to dismiss, it is evident that he cannot meet the higher burden of showing that he is entitled to judgment as a matter of law.  Accordingly, his cross-motion for summary judgment must be denied.

### II.

For the reasons set forth above, the United States' motion to dismiss [#5] is granted[4] and O'Connor's cross-motion for summary judgment [#12] is denied.  An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: January 29, 2007

---

[4] The United States also moved to dismiss for failure to serve properly the United States. Because the court dismisses O'Connor's complaint for failure to state a claim, it need not resolve this alternative argument for dismissal.